## CROW *vs.* HUDSON.

1. In assumpsit to recover the proceeds of a note placed by plaintiff in defendant's hands for collection, on which defendant brought suit, for his own use, in the name of the payee, and recovered judgment, whereon execution was issued, and levied on certain bales of cotton, which were purchased at sheriff's sale by defendant, the return of the sheriff on the execution is not conclusive against the plaintiff, as to the amount of the proceeds of the sale.

ERROR to the Circuit Court of Benton.

Tried before the Hon. L. P. WALKER.

ASSUMPSIT by Crow against Hudson, to recover the proceeds of a note on one Williams, which plaintiff had placed in defendant's hands for collection. The defendant's receipt for the note was read in evidence on the trial, by which he promised to account for the note when the plaintiff paid him $300. It was shown, that the defendant recovered a judgment on the note, in the County Court of Benton, in the name of the payee, for the use of himself; that an execution was issued on this judgment, which was levied on eighteen bales of cotton; that said cotton was sold by the sheriff, under said execution, and was bid off by the defendant, some at $6\frac{1}{4}$ cents per pound, and the rest at $5\frac{1}{4}$ cents; that the cotton, at the time of the sale, weighed about 450 lbs. per bale, at which weight the proceeds of sale would have amounted to $479 25; and that the sheriff, in settling with the defendant, and in making his return, estimated the cotton at the weight put upon it by the commission merchants in Wetumpka, thus making the proceeds only amount to $319 77.

The court charged the jury, that the sheriff's return on the execution was conclusive, in this suit, and between these parties, as to the amount for which the cotton was sold at the execution sale. The plaintiff excepted to this charge, and he now assigns it for error.

WHITE & PARSONS, for plaintiff in error:

The charge of the court is erroneous. Crow is not concluded by the sheriff's return on the execution, because he is not a party to it, nor to the record. At most, the return is but a record, and strangers are not estopped by a record. St. John v. O'Connell, 7 Porter, 476, and cases there cited; Blann v. Chambless, 9 ib. 412. As to who are parties, see 1 Greenleaf on Evidence, §§ 523 to 528.

J. B. MARTIN, contra:

1. The return of a sheriff cannot be impeached collaterally. He is a sworn public officer, to whom the law gives credit. Crafts v. Dexter, 8 Ala. 767; Clark v. Garey, 11 ib. 98; Governor, use &c. v. Bancroft, 16 ib. 605.

2. Crow, in this action, claims under the judgment and execution. Hudson, Crow's agent, had the right to rely upon

the sheriff's return, as showing the true amount for which the cotton sold; and, if that return is false, Crow has his remedy directly against the sheriff, but he cannot be allowed to falsify his return, for the purpose of charging Hudson. Phil. on Ev. C. & H.'s Notes, 1087–8; 4 Ohio R. 155; Bean v. Parker, 17 Mass. 591; 1 Litt. 16; 18 Vermont, 67; 6 N. Hamp. 393.

Did not Crow and Hudson sustain to each other the relation of bailor and bailee? and if so, are they not concluded by the same evidence? See Hare v. Fuller, 7 Ala. 717, and cases there cited.

GOLDTHWAITE, J.—The only question in this case is, whether, on the trial below, the return of the sheriff of the amount brought by the sale of the cotton levied on, was conclusive evidence of that fact, as to the plaintiff in error. Giving to the return the force of a record, the rule is, that it would bind only parties and privies. The plaintiff in error was not a party to the proceeding; and it is only necessary, therefore, to determine whether he was a privy, within the meaning and operation of the rule.

Privity denotes mutual or successive relationship to the same rights, 1 Green. Ev. § 523; and, as to the defendant in the original suit, who was the maker of the note, in any judgment or proceeding in such suit, the interest of the plaintiff in error would have been identical with that of the party to whom the transfer of the note was made; and for that reason, the maker of the note could regard him as a privy in such proceeding. But, as to the plaintiff in such suit, he does not occupy the same position, and, so far as he is concerned, is not to be regarded as a privy. Their identity of interest is confined to the proceeding against the maker of the note. A party is not allowed to build up an estoppel in his own favor; and an assignor is not bound, in a suit against him by the assignee, by a judgment in favor of the maker, ascertaining the fact of payment previous to the assignment, unless the assignor had due notice of the first action, and an opportunity to defend it. Maupin v. Compton, 3 Bibb's R. 214.

Upon analogous principles, the plaintiff in error was not bound by the return of the sheriff, on the execution issued

on the judgment in favor of the defendant in error against the maker of the note, St. John v. O'Connell, 7 Porter, 476; and the charge of the court, that such return was conclusive, was erroneous.

For this error, the judgment is reversed, and the cause remanded.